# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: July 27, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| CHARLENE CARROCCIA GUADAGNO * | | |
| *as Administratrix of the Estate of Salvatore* * | | |
| *J. Carroccia*, * | UNPUBLISHED | |
| * | | |
| Petitioner, * | No. 13-705V | |
| * | | |
| v. * | Special Master Gowen | |
| * | | |
| SECRETARY OF HEALTH * | Attorneys' Fees and Costs; | |
| AND HUMAN SERVICES, * | Special Master's Discretion. | |
| * | | |
| Respondent. * | | |
| * * * * * * * * * * * * | | |

Michael J. Williams, Cellino and Barnes, P.C., Buffalo, NY, for petitioner.
Claudia B. Gangi, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 20, 2013, Salvatore Carroccia filed a petition pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-10 to 34 (2012).  Petition (ECF No. 1).  Upon his death, Charlene Carroccia Guadagno ("petitioner"), as administratrix of his estate, was substituted as petitioner.  Petitioner alleges that as a result of receiving an influenza ("flu") vaccine on September 20, 2010, Mr. Carroccia developed acute disseminated encephalomyelitis ("ADEM"), and that Mr. Carroccia's death was the sequela of his alleged vaccine-related injury.  Petition at Preamble.  On December 8, 2016, the parties filed a stipulation in which they state that a decision should be entered awarding compensation.  Joint

---

[1] Because this decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the website of the United States Court of Federal Claims, pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012).  The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade  secret or commercial or financial in substance and is privileged or confidential; or (2) that includes  medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of  privacy."  Vaccine Rule 18(b).  "An objecting party must provide the court with a proposed redacted version of the decision."  *Id.*  If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website.  *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

Stipulation (ECF No. 52).  The undersigned issued a decision awarding compensation based on the stipulation on December 9, 2016.  Decision (ECF No. 53).

On July 10, 2017, petitioner filed a motion for attorneys' fees and costs.  Petitioner's Motion (ECF No. 56).   Petitioner requests $14,250.00 in attorneys' fees and $5,673.17 in attorneys' costs, for a total attorneys' fees and costs request of $19,923.17.  *Id.* at 1.  On July 27, 2017, respondent filed a response to petitioner's motion for attorneys' fees and costs.  Respondent's Response (ECF No. 57).  Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case.  Respondent's Response at 2.  Respondent "recommends that the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs."  Respondent's Response at 3.  This matter is now ripe for adjudication.

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

Accordingly, I award the following:

1) **A lump sum in the amount of $19,923.17, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and her counsel Michael J. Williams of Cellino & Barnes, P.C.[3]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[4]

**IT IS SO ORDERED.**

s/Thomas L. Gowen<br>
Thomas L. Gowen<br>
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing their right to seek review.